BAKER & HOSTETLER LLP
Heather J. McDonald (HM 3320)
Robertson D. Beckerlegge (RB 1829)
Kevin M. Wallace (KW 1284)
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Counsel for Plaintiff
Michael Kors, L.L.C.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL KORS, L.L.C.,<br><br>    Plaintiff,<br><br>  -against-<br><br>G H R FASHION INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>15 CV 7939 |

## COMPLAINT

Plaintiff Michael Kors, L.L.C. ("MK" or "Plaintiff") by and through its undersigned counsel, for its Complaint against G H R Fashion Inc. ("Defendant") alleges as follows:

### STATEMENT OF THE CASE

1. Plaintiff seeks monetary and injunctive relief against Defendant for numerous causes of action, including but not limited to, (i) trademark counterfeiting, in violation of 15 U.S.C. § 1114; (ii) trademark infringement, in violation of 15 U.S.C. § 1114; and (iii) false descriptions/false designations of origin, in violation of 15 U.S.C. § 1125.

2. New York City's Garment District and the surrounding neighborhoods have long been a major distribution hub for counterfeit goods that are sold throughout the United States. Wholesale and retail sales of counterfeit goods occur frequently and regularly from locations along these streets and their neighboring areas. Plaintiff in this case and trademark holders in general have been plagued by the sale and distribution of counterfeit goods at locations in the Garment District and its environs for years. To combat this illegal activity and protect its world-famous and valuable names, reputations and trademarks, Plaintiff and other trademark holders have, at great expense, commenced and led enforcement efforts in the Garment District area. They have worked with law enforcement in operations against the individuals and entities selling counterfeit goods bearing their trademarks. Arrests for trademark counterfeiting have been made routinely by the New York City Police Department and by other agencies all over the Garment District. The Mayor's Office of Special Enforcement for the City of New York has conducted numerous enforcement operations in the Garment District and the surrounding areas against both the sellers of counterfeit goods and the property owners that lease them the space and thereby enable the ongoing sale of counterfeit merchandise.

3. Defendant in this action has sold, offered for sale, and distributed counterfeit goods bearing Plaintiff's Federally Registered Trademarks (defined *infra*.). Upon information and belief, Defendant continues to use its storefront as a safe haven and marketplace from which it sells counterfeit wares. Defendant's counterfeiting cannot be condoned, and it must be held accountable for its illegal activities.

### JURISDICTION AND VENUE

4. This Court has original jurisdiction over the subject matter of this civil action pursuant to 15 U.S.C. § 1051, et seq., 1114(1), § 1121 and 28 U.S.C. §§ 1331 and 1338.

5.      This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.      This Court may exercise personal jurisdiction over Defendant pursuant to § 301 of the New York Civil Practice Law and Rules ("CPLR"), because Defendant is domiciled within the State of New York.

7.      Alternatively, this Court may exercise personal jurisdiction over Defendant pursuant to CPLR § 302(a)(1), (2) and (4), because the acts about which Plaintiff complains arise from Defendant's transaction of business within New York State and/or agreement to supply goods in New York State; Defendant's commission of a tortious act within New York State; and/or Defendant's ownership, use or possession of real property situated within New York State.

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims alleged by Plaintiff occurred within the City, State and County of New York.

## THE PARTIES

9.      Plaintiff Michael Kors, L.L.C. is a Delaware Limited Liability Company with its principal place of business located at 11 West 42nd Street, New York, New York 10036.

10.     Defendant G H R Fashion Inc. is a New York Corporation. The address on file with the New York Department of State for the purpose of service of process is 145-32 34th Avenue, Flushing, New York 11354. Upon information and belief, it operates a store at 112 W

3
607514878.1

30th Street (the "Property"), and has been doing business in the City and State of New York and has sold, offered for sale, manufactured and/or stored and distributed counterfeit goods bearing Plaintiff's Federally Registered Trademarks at this location.

## I. PLAINTIFF AND ITS BUSINESS

11. MK is a global luxury lifestyle brand led by renowned, award-winning designer Mr. Michael Kors.

12. Since launching his namesake brand over 30 years ago, Michael Kors has featured distinctive designs, materials and craftsmanship with a jet-set aesthetic that combines stylish elegance and a sporty attitude. Mr. Kors' vision has taken the company from its beginnings as an American luxury sportswear house to a global accessories, footwear and apparel company with a presence in approximately 100 countries.

13. Plaintiff's "Michael Kors" trade name has been in use for decades to identify itself and its products throughout the United States, first by Michael Kors and subsequently by Plaintiff.

14. MK is the owner of the entire right, title and interest in and to, *inter alia*, the valid, subsisting trademarks and uncanceled trademark registrations on the Principal Register of the United States Patent and Trademark Office which include, but are not limited to, the following:

| TRADEMARK | REGISTRATION DATE | REGISTRATION NUMBER | GOODS |
|---|---|---|---|
| | December 18, 2007 | 3356080 | Handbags and small leather goods, namely, wristlet bags. |
| MICHAEL KORS | June 4, 1996 | 1977507 | Ladies' clothing; namely, dresses, jackets, pants, skirts, shirts, blouses, shorts, sweaters, coats, swimwear. |
| MICHAEL KORS | April 1, 1997 | 2049326 | Clothing for use by women; namely, anoraks; aprons; ascots; babushkas; bandanas; bathrobes; belts; blazers; blousons; bodysuits; boleros; boots; boxer shorts; brassieres; briefs; caftans; camisoles; capes; caps; cardigans; chemises; clogs; fur coats; suit coats; corselets; culottes; earmuffs; galoshes; garter belts; girdles; gloves; nightgowns; halter tops; hats; headbands; hosiery; jeans; jogging suits; jumpers; jumpsuits; kerchiefs; kimonos; leggings; leotards; loungewear; mittens; moccasins; mufflers; neckerchiefs; neckties; neckwear; negligees; nightshirts; overalls; overshoes pajamas; panties; pantsuits; pantyhose; parkas; pedal pushers; peignors; pinafores; playsuits; pocket squares; ponchos; pullovers; raincoats; sandals; scarves; shawls; shorts; undershirts; athletic shoes; gym shorts; sweat shorts; ski suits; slacks; snowsuits; socks; sport coats; sport shirts; stockings; stoles; suits; suspenders; sweat pants; sweat shirts; t-shirts; trousers; tuxedos; underpants; vests; vested suits; and warm-up suits; and, clothing for use by men; namely, anoraks; ascots; bandanas; bathrobes; belts; blazers; boots; boxer shorts; briefs; capes; caps; cardigans; clogs; fur coats; suit coats; earmuffs; galoshes; gloves; hats; headbands; hosiery; jeans; jogging suits; kerchiefs; leotards; loungewear; mittens; moccasins; mufflers; neckerchiefs; neckties; neckwear; nightshirts; overalls; overshoes; pajamas; pantsuits; parkas; pedal pushers; playsuits; pocket squares; ponchos; pullovers; raincoats; sandals; scarves; shawls; shorts; undershirts; athletic shoes; gym shorts; sweat shorts; ski suits; slacks; snowsuits; socks; sport coats; sport shirts; suits; suspenders; sweat pants; sweat shirts; t-shirts; trousers; tuxedos; vests; vested suits; and warm-up suits. |
| MICHAEL KORS | December 18, 2001 | 2520757 | Handbags, billfolds, credit card cases, key cases, and tote bags. |

607514878.1

| TRADEMARK | REGISTRATION DATE | REGISTRATION NUMBER | GOODS |
|---|---|---|---|
| MICHAEL KORS | December 18, 2001 | 2520758 | Eyeglasses, eyeglass cases. |
| MICHAEL KORS | March 12, 2002 | 2547039 | Retail store services in the fields of clothing, jewelry and clothing accessories. |
| MICHAEL KORS | April 22, 2003 | 2708259 | Cosmetics; namely, body lotion, cologne, perfume, and shower gel. |
| MICHAEL KORS | October 17, 2006 | 3160981 | Watches. |
| MICHAEL KORS | November 8, 2011 | 4052748 | Jewelry. |
| MICHAEL KORS | May 14, 2013 | 4334410 | Protective cases, covers and carrying cases for mobile phones, portable media players, personal digital assistants, laptops and tablet computers. |
| MICHAEL KORS ISLAND | September 19, 2006 | 3146355 | Fragrance products, namely eau de parfum. |
| MICHAEL MICHAEL KORS | April 11, 2006 | 3080631 | Eyeglass frames, eyeglasses, sunglasses, eyeglass cases, carrying cases, namely, attaché cases; bags, namely, tote bags; luggage; suitcases; handbags; purses; wallets; men's and women's clothing, namely, dresses, skirts, blouses, pants, jackets, blazers, coats, raincoats, capes, ponchos, scarves, hats, gloves, sweaters, belts, hosiery, bathing suits, halter tops, socks, jeans, warm up suits, sweatshirts, sweatpants, leggings, shorts, slacks, sport coats, sport shirts, suits, t-shirts, tuxedos, vests, ties; undergarments for men and women, namely, boxer shorts, bras, bustiers, camisoles, nightgowns, nightshirts, pajamas, panties, undershirts, underwear; footwear and headwear; belts. |
| MICHAEL MICHAEL KORS | November 8, 2011 | 4052752 | Jewelry and watches. |
| MICHAEL MICHAEL KORS | May 14, 2013 | 4334409 | Protective cases, covers and carrying cases for mobile phones, portable media players, personal digital assistants, laptops and tablet computers. |
| MK MICHAEL KORS | May 27, 2008 | 3438412 | Eyeglass frames, eyeglasses, sunglasses, eyeglass cases, eye shades, protective eye wear and eye wear for sports; handbags; men's and women's clothing, namely, dresses, skirts, blouses, pants, jackets, blazers, coats, raincoats, capes, ponchos, scarves, hats, gloves, sweaters, belts, hosiery, bathing suits, halter tops, socks, jeans, warm up suits, sweatshirts, sweatpants, leggings, shorts, slacks, sport coats, sport shirts, suits, T-shirts, tuxedos, vests, ties; undergarments for men and women, namely, boxer shorts, bras, bustiers, camisoles, nightgowns, nightshirts, pajamas, panties, undershirts, underwear, footwear and headwear; belts. |

| TRADEMARK | REGISTRATION DATE | REGISTRATION NUMBER | GOODS |
|---|---|---|---|
| MK MICHAEL KORS | November 18, 2008 | 3535310 | Watches. |

(hereinafter collectively referred to as the "MK Registered Trademarks"). Copies of the MK registrations, as listed on the U.S. Patent and Trademark Office website, are attached as Ex. A.

15.  MK is also the owner of any common law trademarks associated with its products.

16.  MK's Registered Trademarks are in full force and effect and have been used for years on and in connection with MK's merchandise.

17.  MK's Registered Trademarks and the goodwill of the business of MK in connection with which the MK Registered Trademarks are used has never been abandoned and are in full force and effect. MK intends to preserve and maintain its rights with respect to its Registered Trademarks.

II.  **DEFENDANT AND ITS BUSINESS**

18.  Upon information and belief, Defendant has infringed, continues to infringe and threatens to further infringe Plaintiff's Registered Trademarks by manufacturing, distributing, and selling counterfeit merchandise. The counterfeit products which are being manufactured, distributed, and sold by Defendant bear copies of Plaintiff's Registered Trademarks. The display of such counterfeit and infringing products by Defendant is an unauthorized public display of products bearing Plaintiff's Registered Trademarks. The marketing of such counterfeit and infringing products by Defendant is an unauthorized distribution of copies of products bearing Plaintiff's Registered Trademarks.

19. Long after Plaintiff's use and registration of Plaintiff's Registered Trademarks, Defendant, on information and belief, commenced the manufacture, distribution, and sale of merchandise bearing counterfeits and infringements of Plaintiff's Registered Trademarks as those trademarks appear on Plaintiff's products and as shown in the U.S. Trademark Registrations attached to this Complaint as Ex. A.

20. Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional infringement of Plaintiff's Registered Trademarks, are in total disregard of Plaintiff's rights, and were commenced and have continued in spite of Defendant's knowledge that the use of any of Plaintiff's Registered Trademarks, or copies or colorable imitations thereof, was and is in direct contravention of Plaintiff's rights. The use by Defendant of copies of Plaintiff's Registered Trademarks has been without Plaintiff's consent, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that the goods sold by Defendant are authorized, sponsored, or approved by Plaintiff when, in fact, they are not.

21. On December 20, 2013, Plaintiff conducted a civil seizure of counterfeit merchandise at the Property seizing a significant quantity of counterfeit merchandise including, but not limited to, 212 MK handbags and 70 MK wallets.

22. In May 2015, Plaintiff dispatched an investigator to the Property to conduct an assessment as to whether or not counterfeiting was ongoing. While at the Property, the investigator observed counterfeit merchandise being offered for sale and made one evidential purchase of six MK tags and six generic wallets for thirty-nine U.S. Dollars ($39.00).

607514878.1

## FIRST CAUSE OF ACTION

### TRADEMARK COUNTERFEITING AGAINST DEFENDANT
### 15 U.S.C. § 1114

23. Plaintiff repeats and realleges the allegations of the previous paragraphs as though fully set forth herein.

24. Defendant has knowingly advertised, promoted, distributed, sold, and offered for sale goods bearing counterfeit versions of Plaintiff's Registered Trademarks from the Property.

25. Defendant's use of counterfeit versions of Plaintiff's Registered Trademarks in connection with the advertisement, promotion, distribution, sale, and offer for sale of goods that do not originate from Plaintiff is likely to cause confusion, mistake, and deception among consumers that the counterfeit goods originate from, are sponsored by, or associated with Plaintiff.

26. Defendant's misconduct constitutes the intentional and willful use of counterfeit versions of Plaintiff's Registered Trademarks in connection with the sale, offering for sale, or distribution of goods, in violation of 15 U.S.C. §§ 1114(1).

27. Defendant's acts constitute trademark counterfeiting in violation of 15 U.S.C. 1114.

28. Upon information and belief, in committing these wrongs, Defendant intentionally and willfully intended to trade on the goodwill associated with Plaintiff's Registered Trademarks.

29. Upon information and belief, in committing these wrongs, Defendant acted willfully within the meaning of 15 U.S.C. § 1117(c)(2).

30. Upon information and belief, Defendant has made and will continue to make substantial profits to which it is not entitled in law or equity.

31. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

32. Defendant's acts damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

33. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using Plaintiff's Registered Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

**SECOND CAUSE OF ACTION**

**TRADEMARK INFRINGEMENT AGAINST DEFENDANT**
**15 U.S.C. § 1114**

34. Plaintiff repeats and realleges the allegations of the previous paragraphs as though fully set forth herein.

35. Plaintiff's Registered Trademarks are nationally recognized, including within the Southern District of New York, as being affixed to goods and merchandise of the highest quality.

36. The registrations embodying Plaintiff's Registered Trademarks are in full force and effect and Plaintiff has authorized responsible manufacturers to produce, and vendors to sell, merchandise with these trademarks.

37. Defendant's unauthorized use of Plaintiff's Registered Trademarks in interstate commerce and advertising constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods and are of the same quality as that assured by Plaintiff's Registered Trademarks.

38. Defendant's infringing use of Plaintiff's Registered Trademarks is without Plaintiff's permission or authority and is in total disregard of Plaintiff's rights to control its trademarks.

39. Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected to or affiliated with Defendant.

40. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill.

41. As a direct and proximate result of Defendant's willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Plaintiff's Registered Trademarks.

42. Plaintiff has no adequate remedy at law.

43. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using Plaintiff's Registered Trademarks or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## THIRD CAUSE OF ACTION

### FEDERAL TRADEMARK DILUTION AGAINST DEFENDANT
### 15 U.S.C. § 1125(c)

44. Plaintiff repeats and realleges the allegations of the previous paragraphs as though fully set forth herein.

45. Plaintiff is the exclusive owner of its Registered Trademarks as set forth above.

46. Defendant's use of Plaintiff's Registered Trademarks on the counterfeit goods they sell constitutes Defendant's commercial use in commerce of Plaintiff's Registered Trademarks.

47. These marks have been used for years and are so globally recognized and associated with Plaintiff that they are entitled to be recognized as famous and distinctive under 15 U.S.C. §1125(c).

48. Plaintiff's Registered Trademarks have come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with Plaintiff and its distinctive reputation for high quality. The purchasing public is likely to attribute to Plaintiff Defendant's

use of Plaintiff's Registered Trademarks as a source of origin, authorization, and/or sponsorship for the products Defendant sells, and further, purchase Defendant's products in the erroneous belief that Defendant is associated with, sponsored by, or affiliated with Plaintiff, when it is not.

49. Plaintiff has not authorized or licensed the use of Plaintiff's Registered Trademarks to Defendant.

50. Defendant's unauthorized use of Plaintiff's Registered Trademarks in its marketing, sale, and distribution of counterfeit products are diluting the distinctive quality of Plaintiff's Registered Trademarks and the goodwill associated therewith in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c).

51. Such conduct has injured Plaintiff and that injury will continue unless the Court enjoins Defendant from committing further wrongful acts.

52. Upon information and belief, Defendant intentionally and willfully utilized Plaintiff's Registered Trademarks and traded on Plaintiff's reputation and goodwill.

53. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts by Defendant in an amount thus far not determined.

## FOURTH CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING AGAINST DEFENDANT
### 15 U.S.C. §1125(a)

54. Plaintiff repeats and realleges the allegations of the previous paragraphs as though fully set forth herein.

55. Defendant has, in connection with its goods, used in commerce, and continues to use in commerce, Plaintiff's Registered Trademarks.

56. Defendant has affixed, applied, and used in connection with its sale of goods false designations of origin and false and misleading descriptions and representations, including Plaintiff's Registered Trademarks, which tend falsely to describe the origin, sponsorship, association, or approval by Plaintiff of the goods sold by Defendant.

57. Defendant uses one or more of Plaintiff's Registered Trademarks with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Plaintiff.

58. Defendant's use of Plaintiff's Registered Trademarks on the counterfeit goods constitutes false descriptions and representations tending to falsely describe or represent Defendant and its products as being authorized, sponsored, affiliated, or associated with Plaintiff.

59. Defendant uses one or more of Plaintiff's Registered Trademarks on counterfeit goods with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of Plaintiff, and to improperly appropriate for themselves the valuable trademark rights of Plaintiff.

60. Defendant's aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendant's products as those of Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61. Defendant's wrongful acts will continue unless enjoined by this Court.

62. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts in an amount thus far not determined.

## FIFTH CAUSE OF ACTION

### INJURY TO BUSINESS REPUTATION AGAINST DEFENDANT
### NY GBL § 360-l

63. Plaintiff repeats and realleges the allegations of the previous paragraphs as though fully set forth herein.

64. Due to Plaintiff's extensive sales and significant marketing and promotional activities, Plaintiff's Registered Trademarks have achieved widespread acceptance and recognition among the consuming public throughout the United States.

65. Plaintiff's Registered Trademarks are arbitrary and distinctive and identify Plaintiff as the source and origin of the goods on which Plaintiff's Registered Trademarks appear.

66. Defendant has caused and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, in violation of New York General Business Law § 360-l.

67. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using Plaintiff's Registered Trademarks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known as well as the costs of this action.

## SIXTH CAUSE OF ACTION

### COMMON LAW TRADEMARK INFRINGEMENT AGAINST DEFENDANT

68. Plaintiff repeats and realleges the allegations of the previous paragraphs as though fully set forth herein.

15

69. Plaintiff owns all right, title, and interest in and to Plaintiff's Registered Trademarks, including all common law rights in those marks.

70. Defendant, without Plaintiff's authorization, has used and is continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to Plaintiff's Registered Trademarks.

71. Defendant's foregoing acts are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's goods originate from, are affiliated with, sponsored by, or endorsed by Plaintiff.

72. Defendant's acts constitute trademark infringement in violation of the common law of the State of New York.

73. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless it is permanently enjoined from its unlawful conduct.

74. Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment against Defendant as follows:

A. Granting temporary, preliminary, and permanent injunctive relief restraining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

(1)     Using Plaintiff's Registered Trademarks or any marks confusingly similar thereto, in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

(2)     Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with, Plaintiff;

(3)     Otherwise infringing upon Plaintiff's Registered Trademarks;

(4)     Otherwise diluting Plaintiff's Registered Trademarks;

(5)     Unfairly competing with Plaintiff; and

(6)     Leasing or subleasing space to any tenant who is engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping, or marketing of products that bear Plaintiff's Registered Trademarks, or any other marks confusingly similar to substantially similar thereto;

B.     Awarding Plaintiff all of Defendant's profits and all damages sustained by Plaintiff as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

C.     Awarding treble damages in the amount of Defendant's profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

D.     Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

E.     Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1117(c);

F.     Awarding actual damages suffered by Plaintiff as a result of Defendant's acts;

607514878.1

G.	Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts;

H.	Ordering Defendant to disgorge its profits;

I.	Awarding Plaintiff punitive damages in connection with its claims under New York law; and

J.	That the Court award Plaintiff such other and further relief as it deems proper.

Dated: New York, New York
       October __, 2015

BAKER & HOSTETLER LLP

By: _____
Heather J. McDonald (HM 3320)
Robertson D. Beckerlegge (RB 1829)
Kevin M. Wallace (KW 1284)
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Counsel for Plaintiff
Michael Kors, L.L.C.

607514878.1